THE WINFIELD LAND & TRUST COMPANY v. S. E.
BURGER.

1. REPLY — *Verification* — *Judgment on Pleadings.* An allegation in a
pleading of the non-existence of authority is not to be taken as true
because the denial of the same is not verified.

2. ——— *Error.* It is error, therefore, for the court to enter judg-
ment on the pleadings because such denial is not verified.

*Error from Cowley District Court.*

ACTION by the *Winfield Land & Trust Company* against
*Burger*, to enforce payment of certain subscriptions. On a
judgment for defendant, at the September term, 1889, the
plaintiff brings error.

*Eaton, Pollock & Love*, for plaintiff in error:

The fifth ground of defense in the answer of defendant
(to which is attached a copy of the charter of plaintiff as an
exhibit) alleges that plaintiff had no authority to do the
matters and things set forth in the two subscriptions declared
upon, and the reply thereto is not verified. The trial court
held that, under this condition of the pleadings, no issue was
raised, and that, under § 108 of the code, to raise an issue the
reply should have been verified. We submit this is error.
The copy of the charter attached to the defendant's answer is
a true copy, and the plaintiff had no object in denying its
correctness; and the allegations of want of power did not
need any verified denial to raise an issue. It is not the alle-
gations in a pleading denying authority that are taken as true
without denial under oath, but the allegations of authority.
This was decided by this court in the case of *A. T. & S. F.
Rld. Co. v. Walz*, 40 Kas. 433, and is not a proposition longer
open to controversy.

Beach, in his work on Private Corporations, § 422, says:
"The plea of *ultra vires* should not prevail, whether inter-
posed for or against a corporation, when it would not advance

justice, but on the contrary would accomplish a legal wrong,"
citing *Whitney Arms Co. v. Barlow*, 63 N. Y. 69.

*McDermott & Johnson*, for defendant in error:

The defendant, in the fifth defense of his answer, alleged
affirmatively what the powers of the plaintiff were, and at-
tached to his answer, as a part of the fifth defense, a copy of
plaintiff's charter.   These allegations were affirmative allega-
tions of authority, and the court was compelled to take them
as true, because the reply of plaintiff denying the same was
not verified.   The charter of plaintiff, as set out in said fifth
defense, and which plaintiff admits in its brief to be true,
shows that the power of the plaintiff was confined to the pur-
chase of land and the location and laying out of town-sites and
additions, and the sale and conveyance of the same.   In short,
it was simply a town company and nothing else.   If the alle-
gations of the fifth defense are true, then this plaintiff had no
power or authority to enter into the contracts of subscription,
which are the basis of plaintiff's claim in this action.   Plain-
tiff cannot say that defendant is estopped from denying the
power of the plaintiff to enter into such contract, because the
issue of estoppel cannot be raised by plaintiff simply by filing
an unverified denial of defendant's plea of *ultra vires*, as con-
tained in defendant's fifth defense.   The case of *A. T. & S. F.
Rld. Co. v. Walz*, 40 Kas. 433, cited by plaintiff, has no appli-
cation, because in this case defendant's allegations are allega-
tions of authority, and not want of authority.   The want of
authority is a conclusion of law, drawn from the affirmative
allegations of authority.   That is to say, defendant alleges
what authority the plaintiff has as a corporation, and the plain-
tiff fails to deny (and in its brief admits) the truth of said al-
legations.   The law then says that said corporation can have
no other authority.   Then its acts in entering into these con-
tracts are *ultra vires* and void.   The fifth defense then being
admitted to be true by the plaintiff, the court could not do
otherwise than to render judgment for the defendant, when
asked to do so.   The pleadings, taken as a whole, show con-

clusively that the defendant was not estopped from making the defense of *ultra vires*, but if he was estopped, the plaintiff could not take advantage of it without pleading it. Estoppel can only be interposed when pleaded, and cannot be proved under a general denial, and plaintiff cannot now complain that it was deprived of an opportunity of proving that defendant was estopped from setting up the defense of *ultra vires*, when he could not have proved such estoppel if the case had gone to trial.

Opinion by STRANG, C.: Action on a contract to enforce payment of certain subscriptions, which were in writing and attached to the petition in the case. A demurrer was filed to the petition of the plaintiff, and sustained by the court. An amended petition was then filed and a general demurrer was interposed thereto. This demurrer was overruled. An answer was then filed stating some five different grounds of defense, the first of which was a general denial. The plaintiff replied to the second ground of defense; filed a motion requiring the defendant to separately state and number his defenses set up in his third count, and a demurrer to the fourth and fifth grounds of defense. This motion and demurrer were both overruled. The defendant then filed his motion asking for a judgment on the pleadings, because there were no replies to the third, fourth and fifth grounds of defense. The plaintiff, however, with leave of court, replied thereto. Afterward, when said cause came on for a hearing, the defendant moved again for a judgment on the pleadings, which motion was sustained by the court. Motion for new trial was overruled, and the plaintiff brings the case here for review, assigning as grounds for reversing the judgment of the court below the rulings of the court on the demurrers to the fourth and fifth grounds of defense set up in the answer of the defendant, and also the action of the court in rendering judgment for the defendant on the pleadings.

The first question discussed by the plaintiff in its brief relates to the action of the court in entering judgment in favor

of the defendant on the pleadings. The defendant, in the fifth count of his answer, alleges that the plaintiff had no authority to carry out the stipulations of the two subscriptions sued on, and, as a part of said count, attached a copy of the charter under which the plaintiff had its existence. The reply to this count was not verified, and the court held that, as a want of authority was alleged and not denied under oath, such want of authority must be taken as true, and therefore the plaintiff's action must fail.

In this action of the court it seems to have confounded the allegation of a want of authority with an allegation of authority, and applied the statutory rule with respect to the latter allegation to the former. The statute provides that an allegation of authority in a pleading must be taken as true unless denied under oath; but we do not understand that any such rule prevails in respect to an allegation of a want of authority. Indeed, this court held, in *Railroad Co. v. Walz*, 40 Kas. 433, that an allegation of the non-existence of authority is not to be taken as true because the denial of the same is not verified. It follows that the court erred in rendering judgment for the defendant on the pleadings. This error necessitates a reversal of the judgment, and we will not consider a further question in the case.

It is recommended that the judgment of the district court be reversed, and remanded for new trial.

By the Court: It is so ordered.

All the Justices concurring.